·Gulf, Colorado & Santa Fe Railway Company v. Mrs. Ellis
Overton.

No. 1841. Decided May 20, 1908.

1.—Mental Suffering—Sympathy with Others.

There can be no recovery for mental suffering merely resulting from
sympathy for another's mental or physical pain. (P. 586.)

2.—Same—Carriers of Passengers—Duty to Invalid.

A passenger traveling in company with an invalid sister cannot recover
for mental suffering caused by the carrier's neglect of duties owing to the
invalid alone. Gulf, C. & S. F. Ry. Co. v. Coopwood, 96 S. W. Rep., 102,
distinguished. (Pp. 585-587.)

Error to the Court of Civil Appeals for the Third District in an
appeal from Johnson County. Mrs. Overton sued the railway com-
pany and recovered judgment. Defendant appealed and on affirmance
obtained writ of error.

*J. W. Terry, Brown, Bledsoe & Lomax,* and *Chas. K. Lee,* for
plaintiff in error.—Watson on Damages, sec. 406; 8 Am. & Eng.
Enc. Law, 664, 665; Missouri P. Ry. Co. v. Martino, 2 Texas
Civ. App., 635; Hyatt v. Adams, 16 Mich., 180; Sperier v. Ott,
7 L. R. A., N. S., 518; Covington St. Ry. Co. v. Packer, 15 Am.
Rep., 725; Hutchinson v. Stern, 101 N. Y. Supp., 145; Keyo v.
Minn. & St. L. R. Co., 30 N. W. Rep., 889.

The defendant could not be liable to Mrs. Overton unless it was
guilty of a breach of duty to her, but as Mrs. Overton was not sick,
but was able to take care of herself, the defendant owed no special
duty to her, but owed it to her sister, and she could not recover
for breach of the duty to her sister.

Under the facts in this case, if there was any duty owed by the
railroad company of a special character it was a duty to Miss Coop-
wood. Mrs. Overton was an able-bodied woman and needed no special
attention. If there was a breach of duty it was to Miss Coopwood,
and arose from the contract with her and the duties which the
law attached to that contract. The contract was not with Mrs.
Overton, and she could not bring herself within its terms by sim-
ply accompanying her sister and remaining on the car with her.
There was no breach of duty as to Mrs. Overton, and therefore no
right of recovery in her. 21 Am. & Eng. Enc. Law (2nd ed.),
466-469; Dobbins v. Missouri K. & T., 91 Texas, 60; Missouri
K. & T. v. Perry, 8 Texas Civ. App., 78; Missouri K. & T. v.
Kendrick, 32 S. W. Rep., 43; St. Louis S. W. v. McCullough, 33
S. W. Rep., 285.

Damages for mental suffering are not recoverable by one on
account of indignities inflicted upon or mistreatment of another.
Such damages are too remote, speculative, and are not within any
rule of law allowing damages for mental suffering. St. Louis S.
W. Ry. Co. v. Gregory, 73 S. W. Rep., 28; Pullman Palace Car Co.
v. Trimble, 8 Texas Civ. App., 336; Pacific Express Co. v. Black,
27 S. W. Rep., 830; Gulf, C. & S. F. Ry. Co v. Reed, 22 S. W.

Rep., 283; Western Union Telegraph Co. v. Cooper, 71 Texas, 510; Texas Mexican Ry. Co. v. Douglass, 69 Texas, 697; Gulf, C. &. S. F. Ry. Co. v. Box, 81 Texas, 675; Western Union Telegraph Co. v. Lovett, 58 S. W. Rep., 204; Storrie v. Marshall, 27 S. W. Rep., 224; Wyman v. Leavitt, 36 Am. Rep., 303; Gulf, C. & S. F. Ry. Co. v. Trott, 86 Texas, 412; Gulf, C. & S. F. Ry. Co. v. Levy, 59 Texas, 566; Rowell v. Western Union Tel. Co., 75 Texas, 26; Illinois Cent. Ry. v. Sutton, 53 Ill., 397; 2nd Wood on Railways, 1238.

*S. C. Padelford,* for defendant in error.—There was that relationship existing between appellee and her invalid sister which required appellee to remain upon the train with her and to stay with her, and for the wrongful act of appellant in not assisting them off of the train and in switching them down into the switch yards appellee could recover. All of the propositions of the appellant on this issue are not sustained by law or the facts. Gulf, C. & S. F. R. R. Co. v. Coopwood, 96 S. W. Rep., 102; Western Union Tel. Co. v. Campbell, 91 S. W. Rep., 312; W. U. Tel. v. Odom, 21 Texas Civ. Apps., 537; Western Union Tel. Co. v. Bell, 92 S. W. Rep., 1036; Gulf, C. & S. F. Tel. Co. v. Richardson, 79 Texas, 649; Western Union Tel. Co. v. Cavin, 30 Texas Civ. App., 152; Western Union Tel. Co. v. Stephens, 2 Texas Civ. Apps., 129; Womack v. Western Union Tel. Co., 22 S. W. Rep., 417; Western Union Tel. Co. v. Kendzora, 26 S. W. Rep., 245; International & G. N. Ry. Co. v. Anchonda, 68 S. W. Rep., 743; 33 Texas Civ. App., 24.

In the Coopwood case, 96 S. W. Rep., 105, the Court of Civil Appeals lays down the principle, that the plaintiff could recover for mental anguish suffered by reason of the inattention to, mistreatment of or neglect of her afflicted helpless daughter, independent of the daughter's suffering, and cites a large number of authorities sustaining this proposition and this court by refusing a writ of error in that case approved of the principles of law laid down by the Court of Civil Appeals. The Court of Civil Appeals cites and approves the cases of the Gulf, C. & S. F. Tel. Co. v. Richardson, 79 Texas, 649; Western Union Tel. Co. v. Stephens, 2 Texas Civ. Apps., 129; Western Union Tel. Co. v. Cavin, 30 Texas Civ. App., 152; Womack v. Western Union Tel. Co., 22 S. W. Rep., 417; Western Union Tel. Co. v. Kendzora, 26 S. W. Rep., 245; International & G. N. Ry. v. Anchonda, 33 Texas Civ. App., 24, and also the case of the Ry. Co. v. Smith, 1 S. W. 565; Gibson v. Ry. Co., 30 Fed. Rep., 934; International & G. N. Ry. Co. v. Sammon, 79 S. W. Rep., 855; Western Union Tel. Co. v. Siddall, 86 S. W. Rep., 346; Western Union Tel. Co. v. Campbell, 91 S. W. Rep., 312; Western Union Tel. Co. v. Bell, 92 S. W. Rep., 1036.

In the Kendzora case the plaintiff was held to be entitled to recover damages for mental anguish caused by his wife having been deprived of medical attention in her last moments through the telegraph company's negligence in failing to deliver a telegram to the doctor. 26 S. W. Rep., 249. The same question was decided in

the case of the Western Union Tel. Co. v. Stephens, 2 Texas Civ. Apps., 129; in which a writ of error was denied by the Supreme Court.

Mr. Justice Brown delivered the opinion of the court.

The Honorable Court of Civil Appeals refers for a statement of the facts in this case to Gulf, C. & S. F. Ry. Co. v. Coopwood, 96 S. W. Rep., 102, and from the facts stated in that case we make the following condensed statement: Mrs. M. J. Coopwood was a widow whose family consisted of an unmarried daughter, Miss Minnie, a granddaughter and the appellee, who was a widow and resided with her mother. Mrs. Coopwood with the members of her family were on their way to San Angelo with Miss Minnie who was quite sick, and when they arrived at the depot of the plaintiff in error in Brownwood, Miss Minnie was placed in a chair, she being unable to walk. Mrs. Coopwood purchased tickets for all of the party from Brownwood to San Angelo and paid the regular fare therefor. When the train arrived at Brownwood the porter and brakeman came into the depot and Mrs. Coopwood explained to them that her daughter was unable to walk and requested them to carry her into the car, which they agreed to do. About this time Mrs. Overton stated in the presence of the conductor and the porter that she would go on to the train and secure a seat for her sister. "The porter and brakeman picked up the chair Miss Minnie Coopwood was in and carried her out towards the engine and baggage car with the intention of putting her in the baggage car. Miss Minnie Coopwood asked them not to put her in the baggage car and cried out to her mother to stop the porter and brakeman and not let them put her in the baggage car. Mrs Coopwood called to them and asked them not to put her daughter in the baggage car, but they proceeded towards the baggage car, and said that was the place for her if she was sick. Miss Minnie Coopwood begged not to be put on the baggage car, and about this time some man, a stranger, walked up and told the porter and brakeman to stop and not put her in the baggage car, to which one of them replied: "Boss, there ain't enough room in the other car for her"—and the stranger remarked: "Make the passengers make room for her." Miss Minnie was then put into a day coach, where she remained in the care of her mother until San Angelo was reached. Shortly before the train got to San Angelo Mrs. Coopwood told the conductor that she wanted him to help them off just as soon as the depot was reached, and the conductor said he would when he got through helping the other passengers off the train. As the train was running into San Angelo, Miss Coopwood said to the conductor: "Please help me off now. I am very sick and suffering." And Mrs. Coopwood also called to him before he got to the car door and asked him to help them off. To which the conductor made no reply or, if so, it was not heard by Mrs. Coopwood. When the train stopped at San Angelo, and while the conductor was assisting other passengers off, Mrs. Coopwood asked him to help her daughter off the train, that she was suffering excruciating pain in her lungs, and that she wanted to get her to a house where she could have her

taken care of and give her medical aid. The conductor said that, when he got through helping the passengers off, he would help her off; but according to Mrs. Coopwood's statement, she did not see him any more, and after all the passengers were off the train, except herself and daughters, the brakeman came in the coach and said the conductor had gone home and the train would have to be switched down into the yards. After this a negro porter came in the car and she asked him to tell the conductor to help them off the train, and he made no reply, but shut the door and left. John Abney, a coach cleaner in the employ of appellant, with whom Mrs. Coopwood was acquainted, next came into the car, and he said they would have to switch the coach off that track. The coaches were then switched down into the yards probably 100 yards distant from the depot, and John Abney ordered a carriage, and Mrs. Coopwood and her daughters were put in it, and they left seeking a hotel. The principal hotel of San Angelo had been previously burned, a fact known to appellant's conductor at this time. The passengers who disembarked from the train before Mrs. Coopwood and daughters, who were able to do so, had secured lodging in the hotels and Mrs. Coopwood and her daughters were compelled to drive to three different places before accommodation could be secured. Mrs. Coopwood and her daughters remained in the car after the train reached San Angelo, before they secured a carriage and left it, probably a half hour or longer. She and her daughter, Mrs. Overton, were physically unable to carry Miss Coopwood on and off the train, and this fact, as well also as the helpless condition of Miss Coopwood, was well known to appellant's conductor and other employes in charge of the train upon which they were travelling."

This suit was brought "to recover of the defendant damages for the physical and mental suffering sustained by Mrs. Overton on account of the alleged wrongful and negligent conduct of the servants in control of one of appellant's passenger trains upon which she was a passenger, at the time of its arrival at Brownwood and thereafter at the town of San Angelo. She also in addition seeks to recover for mental suffering sustained by her on account of the alleged negligent and wrongful treatment of her invalid sister who was partially in her charge and also in the charge of her mother, Mrs. Coopwood, when passengers at Brownwood and at San Angelo." The case was tried before a jury and a verdict and judgment rendered in favor of the appellee for the sum of $500.

In his work on personal injuries Mr. Watson states the general rule governing this class of cases thus: "There can be no recovery for such mental suffering as merely results from sympathy for another's mental or physical pain, the right of action in such cases being restricted to the person who has directly sustained the injury." (Watson on Damages and Personal Injuries, sec. 406; Western Union Tel. Co. v. Cooper, 71 Texas, 512.)

There are numerous exceptions to the general rule stated above, but the facts as found by the Court of Civil Appeals do not bring the case within any one of the exceptions. Mrs. Overton was not a party to the contract for carrying Miss Minnie Coopwood, nor did

the railroad company, by undertaking to transport the sister, place itself under any duty to Mrs. Overton, and there can be no negligence as to Mrs. Overton, unless there was some duty which was due from the company to her.

The Honorable Court of Civil Appeals rested its decision upon the case of Gulf, C. & S. F. Ry. Co. v. Coopwood, which was a companion case to this. The application for writ of error in that case was denied because Mrs. Coopwood was the mother of the injured party and in control of her at the time and in exercising that control entered into a contract with the railroad company for the transportation of her invalid daughter from Brownwood to San Angelo. The acts of the employes of the railroad company and its negligence towards Miss Minnie was a direct violation of the contract with the mother, therefore this court held, in acting upon the application, that the railroad company owed to Mrs. Coopwood the duty to carry her daughter to San Angelo with that care which was due to a passenger. Mrs. Coopwood's injury resulted from a violation of this contract and a failure to perform that duty.

There is evidence which tends to show that Mrs. Overton suffered some inconvenience and injury from the failure of the railroad company and its employes to exercise that degree of care towards her that was due to a passenger and for such injury she is entitled to recover. It is therefore ordered that the judgment of the Court of Civil Appeals and of the District Court be reversed and that this cause be remanded to the District Court for trial in accordance with this opinion.

*Reversed and remanded.*