Missouri, Kansas & Texas Railway Company et al. v. J. S. Vandiver.

Decided November 10, 1909.

**1.—Mental Suffering—Damages—Evidence—Transportation of Corpse.**

In an action for mental suffering caused by delay in transporting the corpse of plaintiff's wife, it was improper to admit plaintiff's testimony that the conductor told him that the body was on the same train in which he was then traveling toward the place for interment, it being on another and later train,

which fact he first discovered on reaching the destination. Such misstatement did not tend to aggravate his mental suffering—rather the contrary.

### 2.—Same—Suffering of Relatives.

Plaintiff suing for damages by delay in the transportation of the body of his wife by rail to the place of interment, could not recover by reason of mental suffering sustained by his daughter and sister-in-law by reason of such delay, and evidence thereof was improperly admitted.

### 3.—Evidence—Error—Trial by Court.

The admission of improper evidence over objection, by the court trying a cause without a jury, will be held cause for reversal where it is not shown to have been excluded from consideration by the court in making his findings.

Appeal from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*Spoonts, Thompson & Barwise* and *W. H. Francis,* for appellants.—The testimony of the plaintiff as to what was said by the conductor is immaterial, irrelevant, not binding upon the defendants, and should not have been admitted or considered by the court.

Damages for mental anguish of the daughter and sister-in-law not being recoverable by plaintiff, the court erred in admitting the testimony showing such mental anguish of said relatives over the objections made. Gulf, C. & S. F. Ry. Co. v. Dickens, 118 S. W., 612.

*Jas. C. Scott,* for appellee.—I submit that as the case was tried before the court no reversible error occurred. It will surely distress any intelligent man to see the grief of his child and sister over such a loss. No error was committed in proving the assurance of the conductor that the casket was on the train. The conductors were in charge of the train, and can not be justified or excused for misleading the plaintiff. Western U. Tel. Co. v. Cooper, 71 Texas, 511; Wells Fargo Exp. Co. v. Fuller, 13 Texas Civ. App., 611; Hale v. Bonner & Eddy, 82 Texas, 33.

KEY, Associate Justice.—Appellee instituted this suit for the recovery of damages caused by alleged delay in the transportation of the body of his deceased wife between Ft. Worth, Texas, and St. Louis, Missouri. The principal item of damage was mental suffering, alleged to have been sustained by the plaintiff and his daughter and his wife's sister.

There was a non-jury trial, which resulted in a judgment for the plaintiff for $260, and the defendants have appealed.

The assignments of error are addressed to the action of the court in permitting the plaintiff to testify that after he left Ft. Worth, and while in transit, the conductor on the train told him that the body of his wife was on the same train, and in allowing proof that his daughter and sister-in-law were greatly distressed and grieved when they ascertained that the body was not on the train and did not reach St. Louis until several hours after they and the plaintiff reached there, and in considering the facts referred to in deciding the case. In his written conclusions of fact the judge found in accordance with the testimony

referred to, and therefore, in the absence of a showing that such facts were not considered by him in the final determination of the case, the appeal must be disposed of upon the theory that they were so considered. The plaintiff's suit was based upon mental anguish caused by the carrier's delay in not carrying the body of his wife on the same train that he was carried on, and in not delivering it in St. Louis by the time he reached there. This being the nature of his case, it necessarily follows that the plaintiff could not have suffered mental anguish until he ascertained that the body was not being carried on the train upon which he was traveling. Therefore, the statement of the conductor that the body was on the train, though such statement was untrue, could not have caused the plaintiff any distress of mind. On the contrary, such untrue statement, if relied on, must have tended to prevent mental distress.

The plaintiff was not entitled to recover any damages on account of mental anguish sustained by his daughter and sister-in-law as a result of the delay in transporting the corpse, and the trial court erred in admitting and considering the testimony referred to upon that subject. (Gulf, C. & S. F. Ry. Co. v. Overton, 101 Texas, 583, 110 S. W., 736.)

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*