FREEMAN et al. v. CLARK. (No. 4826.)†

(Court of Civil Appeals of Texas. June 7, 1911.)

1. CARRIERS ☞277—CARRIAGE OF PASSENGERS—BREACH OF SPECIAL CONTRACT—DAMAGES—HUMILIATION.

Where plaintiff, contemplating to attend a Confederate Reunion, was induced by the traffic agent of defendant railroads to travel over their line, and to influence his friends to do so, by the promise to furnish through first-class chair car transportation, in his action for breach of such contract the plaintiff could not recover for any humiliation he sustained because the friends whom he had induced to go with him were treated as he was, and compelled to ride in inferior cars.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1082–1084; Dec. Dig. ☞277.]

2. DAMAGES ☞23—BREACH OF CONTRACT.

The measure of damages for a breach of contract includes compensation for only such injuries as the defaulting parties must have

contemplated as a natural and necessary result of the breach.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 58, 62; Dec. Dig. ☞23.]

3. DAMAGES ☞56—BREACH OF CONTRACT—MENTAL ANNOYANCE AND DISCOMFORT.

The law does not ordinarily allow recovery in damages for mental annoyance and discomfort resulting from a breach of contract, which must be shown to have attained a higher pitch of intensity than ordinary regret or annoyance, must have been mental anguish, and a necessary and natural result of the breach, so that the party in fault must be held to have contemplated it as a result of the breach before recovery can be had.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 104, 105; Dec. Dig. ☞56.]

Appeal from Hays County Court; J. B. Wilson, Judge.

Action by J. G. Clark against Thomas J. Freeman, receiver, and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

See, also, 177 S. W. 1189.

Fisher & Fisher, of Austin, John M. King, of Houston, and T. B. McCormick, of Dallas, for appellants. T. C. Johnson, Jr., T. J. Saunders, and Will G. Barber, all of San Marcos, for appellee.

KEY, C. J. Appellee brought this suit seeking to recover damages from two railroads, one of which was operated by T. J. Freeman, as receiver. There was a jury trial, which resulted in a verdict and judgment for the plaintiff for $400, apportioned equally against the defendants, and the latter have appealed.

The plaintiff in his petition alleged, in substance, that he, being desirous of attending the Confederate Reunion held in Memphis, Tenn., in 1909, was approached by agents of the defendants, who urged him to travel over their lines from his home in San Marcos, Tex., to Memphis, Tenn., and to use his influence to induce his friends to go with him over those lines; that, as an inducement to do so, said agents represented and promised that he and his friends should have seats in a first-class chair car from San Marcos to Memphis, without change, and should have first-class service in every respect; that, on account of such representations and promises, the plaintiff solicited and induced a number of his friends to join him at San Marcos and travel over those roads to Memphis, Tenn. He alleged that he and his friends bought tickets and boarded a train at San Marcos, but could not obtain and were not furnished seats in a chair car nor first-class service; that the car in which they were compelled to ride was inferior in quality, equipment, etc.; and that during part of the time it was crowded with negroes, and that, as a result of the breach of the contract between the plaintiff and the defendants, he suffered great physical inconvenience and discomfort, and also suffered

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Questions certified to Supreme Court pending.

much regret, humiliation, and mental anguish at the treatment received by him and his friends.

[1] The charge of the court authorized the jury, if they found for the plaintiff, to allow him compensation, not only for the physical and mental suffering which he sustained on account of the defendant's failure to furnish him a seat in a chair car and first-class service, but also for any humiliation which he may have sustained on account of the fact that his friends, whom he had induced to go with him, were treated in the same manner that he was. The last phase of the court's charge is assigned as error, and we sustain the assignment. Watson on Damages and Personal Injuries, § 406; Railway Co. v. Overton, 101 Tex. 586, 110 S. W. 736, 19 L. R. A. (N. S.) 500; Western Union Tel. Co. v. Cooper, 71 Tex. 512, 9 S. W. 598, 1 L. R. A. 728, 10 Am. St. Rep. 772; Railway Co. v. Gregory (Civ. App.) 73 S. W. 28.

[2, 3] Counsel for appellee contends that the charge in question was correct, because this case comes within the class of cases illustrated by Railway v. Coopwood (Civ. App.) 96 S. W. 102, in which a writ of error was refused by the Supreme Court for reasons stated by that court in Railway Co. v. Overton, supra. We do not think this case and the Coopwood Case are analogous. The material distinction lies in the question of remoteness; in other words, the measure of damages for breach of a contract includes compensation for only such injuries as the defaulting party is required to contemplate as a natural and necessary result of his breach of the contract. In the Coopwood Case Mrs. Coopwood was in charge of her afflicted and helpless daughter. She not only contracted and paid for the transportation of her child, but was present and witnessed the failure of the railroad company to comply with its contract, and the result such misconduct had upon the afflicted and helpless daughter. On account of the close blood relationship existing between them, the railroad company was required to contemplate that the breach of contract shown in that case would necessarily and naturally cause Mrs. Coopwood mental pain and suffering. In the case at bar we do not believe that the railroad company was required to anticipate that a breach of its contract with the plaintiff would necessarily cause him mental pain and suffering on account of the fact that he had induced his friends to go with him, and they were subjected to the same discomforts that he was. As a general rule, the law does not allow compensation for mental annoyance and discomfort, which results from a breach of contract. Before recovery can be had upon that score, it must be shown that the mental perturbation was more than ordinary regret or annoyance, and was what is commonly denominated "mental anguish";

and such mental anguish must be such a necessary and natural result of the breach of contract as that the party breaching it will be held to have contemplated such mental suffering. In this case the plaintiff's friends were not related to him; they were not afflicted, helpless, and in his charge; they bought their own tickets and paid for their own transportation; and the only fact in reference to them that could have caused the plaintiff any mental disturbance was the fact that he had induced them to travel that route to Memphis, and had witnessed the fact that they were subjected to the same inconveniences and annoyances that he was. While such state of facts might cause regret with a majority of civilized men, we do not believe it is a matter of common knowledge that all, or even a majority, of such men would, under such circumstances, suffer that degree of mental perturbation denominated mental anguish. Many men have been sorely distressed in mind because the failure of a debtor to promptly pay up when the debt was due has prevented them from paying their own debts out of the funds which the debtor had promised but failed to supply, and yet it has never been held that damages could be recovered on account of such mental distress. To sustain the plaintiff's contention in this case and allow the recovery here claimed would result in enlarging the measure of damages beyond the Coopwood Case, which case, it seems to us, has gone far enough.

The assignments of error presenting other questions are overruled; but, on account of the error referred to, the judgment is reversed, and the cause remanded.

Reversed and remanded.