TARVIN v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. Texarkana.
Nov. 25, 1912. Rehearing Denied
Dec. 5, 1912.)

CARRIERS (§ 402*)—INJURY TO PASSENGERS—
BAGGAGE.

Where trunks belonging to passengers were loaded into a baggage car containing a corpse and absorbed a stench therefrom which caused persons at the place where they were unloaded to become suspicious, and caused them to be unlawfully searched for a dead body, the carrier was not liable for the humiliation suffered therefrom by the owners of the trunks; such injury not being the proximate result of the carrier's act, nor a result which could have been reasonably anticipated by the carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1535; Dec. Dig. § 402.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by J. Tarvin against the Texas & Pacific Railway Company. From a judgment dismissing plaintiff's petition, he appeals. Affirmed,

T. A. Bledsoe and Dallas Scarborough, both of Abilene, for appellant. J. M. Wagstaff, of Abilene, for appellee.

WILLSON, C. J. In his petition appellant alleged that on July 1, 1911, he and his wife were passengers on one of appellee's trains, destined to Trent, in Taylor county, and that they delivered to appellee, and it undertook to convey as a part of their baggage and deliver to them at Trent, two trunks. Appellant then alleged as follows: "The defendant, the Texas & Pacific Railway Company, negligently and carelessly and in disregard to the rights of this plaintiff and to this plaintiff's rights placed said baggage and trunks in a car with a human corpse, that was so far advanced or in a state of decomposition, or in close proximity with some other matter that had far advanced in a state of decomposition that gave out obnoxious odors, and that said trunks were contaminated and infected with the obnoxious odors to such an extent that trunks themselves smelled as though they contained a human corpse or other matter far advanced in a state of decomposition, and that when said trunks were unloaded at their destination, to wit, Trent, in Taylor county, Tex., that said trunks gave off a very obnoxious odor that smelled like a human corpse far advanced in a state of decomposition, and that by reason of the fact that said trunks were unloaded in the obnoxious condition above described, that the people at the station at Trent, who had assembled at the station when the train came, smelled said stench and obnoxious odor and believed that it contained a corpse of a human body far advanced in a state of decomposition, and that the conduct of the railway company in infecting said trunk with said obnox-

ious odor was the direct cause of said people believing that said trunk contained a corpse of a human body far advanced in a state of decomposition, and that the people acting upon said obnoxious odor notified the proper authorities of said condition, and that the said officials, believing that said trunks contained the corpse of a human body far advanced in a state of decomposition, authorized and instructed the proper officers to search and examine said trunk to find out whether or not the trunks contained the corpse of a human body. In truth and in fact there was nothing in said trunks that gave off any kind of an obnoxious odor, but that everything in said trunks was in proper form and was clean and sanitary, and there was no stench in said trunks, but that the stench smelled was on the outside of said trunks and was put there by the defendant, the Texas & Pacific Railway Company, and that the actions and conduct of defendant, the Texas & Pacific Railway Company, in unloading said trunks in said condition, were the direct and proximate cause of said trunks being searched, and that the said odor on said trunks created by the conduct and negligence of the defendant, the Texas & Pacific Railway Company, was the direct and proximate cause of the officers searching said trunks and the people in general becoming apprised of the condition of said trunks, and that the fact that said trunks were unloaded at Trent with said stench that the same and the obnoxious odor thereon, all of which facts were known to the neighbors and friends and to himself and wife and to the people of Trent, and the conditions were very humiliating and mortifying to the feelings of the plaintiff and his wife. And the said conduct of the Texas & Pacific Railway Company was the direct and proximate cause of said humiliation and mortification to the feelings of this plaintiff and his wife, and that said mortification and humiliation suffered by the plaintiff and his wife damaged this plaintiff and his wife in the sum of $1,995, for which he here sues. Wherefore, premises considered, plaintiff prays that defendant be cited in the terms of the law to answer this petition, and that upon final hearing hereof he have his judgment of and from the defendant, the Texas & Pacific Railway Company, in the sum of $1,995 and for costs of suit and for other and further relief to which he may be entitled to both in law and equity." The court below, being of the opinion the petition did not state a cause of action, sustained a general demurrer to it, and, on the refusal of appellant to amend, dismissed his suit.

It will be noted that the damages claimed were not on account of injury to the trunks or to the person of either appellant or his wife, but solely on account of humiliation they suffered because people at the station

suspected that the trunks concealed a dead body and caused same, without authority of law, for that reason (C. C. P. art. 344), to be searched. We think the court below correctly held that the act of appellee complained of was not a proximate cause of the humiliation suffered by appellant and his wife. In Railway Co. v. Bigham, 90 Tex. 225, 38 S. W. 163, the Supreme Court "announced the doctrine that, in order to constitute negligence, the act or omission must be the proximate cause of an injury, which, in the light of attending circumstances, ought to have been foreseen as a natural and probable consequence of such act or omission." Railway Co. v. Hayter, 93 Tex. 240, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856. In the Bigham Case the court said: "It ought not to be deemed negligent to do or to fail to do an act which it was not anticipated and should not have been anticipated that it would result in injury to any one. To require this is to demand of human nature a degree of care incompatible with the prosecution of the ordinary avocations of life. It would seem that it is neither a legal nor a moral obligation to guard against that which cannot be foreseen." It is clear, we think, that it reasonably cannot be said that appellee should have anticipated that as a result of the trunks absorbing stench from the corpse people at the station where they were unloaded from the car would suspect they contained the corpse of a human being and have same searched in violation of law.

The judgment is affirmed.