ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. PADGETT et ux.　(No. 5535.)

(Court of Civil Appeals of Texas.　Austin.
Nov. 17, 1915.　Rehearing Denied
Jan. 12, 1916.)

1. CARRIERS ☞319—PASSENGERS—PERSONAL
INJURIES—MENTAL SUFFERING.

Plaintiff, accompanied by five children ranging in age from 2 months to 11 years, went to defendant's depot for the purpose of taking a train, and purchased a ticket for such train. The train was late, and while she was waiting the agent closed the station for the night, compelling her to wait outside on ground which was wet and muddy, where she was subjected to the bites and annoyances of mosquitoes and other insects, for three hours; there being no hotels convenient or accessible, nor any other place where she could wait. A construction train was within about 50 yards of the depot, and negroes and Mexicans from such train were constantly passing up and down the track. She claimed to have suffered physical pain, personal inconvenience, and fright, as well as mortification and humiliation. Held, that she was entitled to recover from the railroad company; the rule that actual damages cannot be recovered for mental suffering, in the absence of physical injury or other element of actual damage, not applying, since a contractual relation existed between plaintiff and the railroad company, and there was some proof of personal discomfort and physical injury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1338–1345; Dec. Dig. ☞319.]

2. CARRIERS ☞247—DUTIES TO PASSENGER—
DEPOT ACCOMMODATIONS.

A person going to a railroad depot, intending to take a train and purchasing a ticket for transportation, was a passenger, with the right to remain in the depot to await the arrival of the train, and it was the duty of the railroad company to provide a comfortable room for her and her children, by whom she was accompanied.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. ☞247.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by John Padgett and wife against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. B. Perkins, of Dallas, and Scott & Ross, of Waco, for appellant.

RICE, J. [1] This suit was brought by John Padgett and wife against the appellant to recover damages for personal discomfort, fright, and humiliation suffered by his wife on account of her alleged expulsion from the passenger depot of appellant at South Bosque, a way station on said road. The appellees, in substance, alleged that Mrs. Lula Padgett, accompanied by her five children, ranging from 11 years to 2 months, went on the afternoon of May 22d to said depot for the purpose of taking passage on appellant's train to Waco, reaching said station about 4:30 o'clock, some 20 minutes in advance of the schedule time for the arrival of the train; that she purchased tickets for herself and such of her children as were subject to pay fare, and remained in the depot awaiting the arrival of said train, which was late, until 7 o'clock, at which time the agent informed her that she must leave the station, as he intended to close it up for the night, and that he would not return, but that if she desired to do so she could occupy the waiting room for negroes, which was not lighted; that it had been raining, and the ground about said depot was wet and boggy; that there were no hotels convenient or accessible, nor any other place to which she could repair while awaiting the arrival of said train; that she was forced by the act of said agent in closing said depot to remain on the outside, on the wet and muddy ground, with her children, subject to the bites and annoyances of innumerable mosquitoes and other insects, for the space of about three hours; that there was a construction train, the crew of which was composed of Mexicans and negroes, within about 50 yards of the depot; that it was a dark night, and that up to within a short time of the arrival of said train there was a constant passing up and down the track of the negroes and Mexicans, by reason of all of which she suffered great physical pain, personal inconvenience, and fright, and was mortified and humiliated.

Appellant replied by specific denials of plaintiff's allegations, and relied upon the plea of contributory negligence, alleging that Cartwright's store, which was open, and at which railroad tickets were sold, was within 100 feet of the depot, where she could have remained while awaiting the arrival of the train, which arrived about 10 o'clock, and also that Mrs. Peck, who lived near by, extended Mrs. Padgett an invitation to stay at her house while waiting, which she declined.

───────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case was tried before a jury on special issues, and resulted in a verdict and judgment in behalf of plaintiffs for the sum of $250, from which appellant has prosecuted this appeal, assigning error in the refusal on the part of the court to give a peremptory instruction in its behalf, on the ground that the evidence failed to show that plaintiffs were entitled to recover. Appellant asserts by its proposition thereunder that actual damages cannot be recovered for mental suffering, in the absence of physical injury or other element of actual damage—citing in support of this contention G., C. & S. F. Ry. Co. v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am. St. Rep. 866; Same v. Hayter, 93 Tex. 239, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856; Tarvin v. T. & P. Ry. Co., 151 S. W. 640.

The material averments of plaintiff's petition were sustained by the evidence, and the jury found that plaintiff was not guilty of contributory negligence, and there was evidence to support this finding. While the authorities cited support appellant's contention still we think that they can be differentiated and distinguished from the instant case. G., C. & S. F. Ry. Co. v. Trott, supra, was an action to recover damages for fright and fear for appellee's personal safety on account of negligently causing his team of horses to run away; but there was no averment or proof of physical injury, nor did any contractual relation exist between the plaintiff and the railway company. In the present case such relation did exist, and there was some proof of personal discomfort and physical injury.

The case of G., C. & S. F. Ry. Co. v. Hayter, supra, is not, we think, in point, because in that case it was held that, where physical injury results from fright or other mental shock caused by the wrongful act or omission of another, the injured party is entitled to recover his damages, provided the act or omission was the proximate cause of the injury, and that the injury, in the light of all the circumstances, ought to have been anticipated as the natural and probable consequence thereof; and in that case there was no contractual relation existing between the railway company and the plaintiff, the injury complained of having been caused by a collision of the trains of the Missouri, Kansas & Texas Railway Company, on which Hayter was a passenger, and the Gulf, Colorado & Santa Fé.

The Tarvin Case cited is not applicable, we think, because the only doctrine involved there was that of proximate cause. In that case Tarvin brought suit against the railway company to recover damages alleged to have been sustained by him on account of the fact that his trunks were placed in a baggage car in which there was a corpse so badly decomposed that his trunks were caused to smell, and were thereafter searched by the authorities on suspicion that they contained a dead body, and the action was based on humiliation suffered therefrom. The court held that the injury was not the proximate result of the acts complained of, saying that it will be observed that the damage claimed was not on account of any injury to the trunks, or to the person of plaintiff, but arose solely on account of the humiliation suffered by reason of the suspicion that the trunks contained a dead body, and the humiliation caused by the search therefor.

[2] In the instant case plaintiff's wife was a passenger, with the right to remain in the depot to await the arrival of the train, and the duty was imposed upon appellant, during said time, of providing a comfortable room for her and her children (see Elliott on Railways, vol. 4, p. 565, § 1641; T. & P. Ry. Co. v. Cornelius, 10 Tex. Civ. App. 125, 30 S. W. 720); and her expulsion was a violation of this right.

We think the exact question presented by this appeal has been decided in this state adversely to appellant's contention in the case of Gulf, Colorado & Santa Fé Ry. Co. v. Coopwood, 96 S. W. 102, in which a writ of error was denied by the Supreme Court. There Mrs. Coopwood brought an action to recover damages suffered by her on account of the negligent treatment by the company's servants of her invalid daughter, Miss Minnie. It appears that Mrs. Coopwood started from Wichita Falls to take her invalid daughter Minnie to San Angelo for her health. She was accompanied by Mrs. Overton, her widowed daughter, and a grandchild. When they reached Brownwood, Mrs. Coopwood purchased tickets for all of them, and Miss Minnie, who was unable to walk, was placed in a chair; that before the train started the brakeman and porter took up the chair, starting to put her into the baggage car, when she, as well as her mother, remonstrated, and finally, at the instance of a stranger, she was taken into the day coach, where she remained during their journey to San Angelo. En route Mrs. Coopwood informed the conductor of the illness of her daughter, and requested him to assist her in getting her daughter off the train immediately upon their arrival at San Angelo, so that they might secure a comfortable hotel or boarding house, which he promised to do; and notwithstanding this request was repeated by both the mother and daughter before reaching San Angelo, the conductor failed to give her any assistance upon arrival, and the car, after remaining at the depot for a few moments, was backed into the switch yards, where they were compelled to wait for about half an hour before obtaining any assistance. Finally an employé of the company procured a hack, and after driving to several different hotels she succeeded in securing a place to stay. Her daughter during this time was very sick and suffering intensely by reason of the neglect

and delay. Notwithstanding there was no physical injury suffered by Mrs. Coopwood, it was held on appeal that she was entitled to recover for mental anguish suffered by her on account of the negligent and wrongful treatment of her daughter. This ruling was based directly on the ground that being in charge of her daughter, and having paid her fare, there was an obligation on the part of the company to safely transport her and her sick daughter from Brownwood to San Angelo without injury, and to render her and her daughter such assistance on arrival as her physicial condition required, and in failing to do so they were guilty of negligence, for which she could recover.

Mrs. Overton likewise brought suit against the company, based on the same transaction, and recovered judgment, and the case was affirmed on appeal. See G., C. & S. F. Ry. Co. v. Overton, 107 S. W. 71. In that case, however, a writ of error was granted by the Supreme Court (see G., C. & S. F. v. Overton, 101 Tex. 583, 110 S. W. 736, 19 L. R. A. [N. S.] 500), and the case reversed; the court holding that there can be no recovery for mental suffering resulting from sympathy for another's mental or physical pain, and referring to the Coopwood Case, said:

"The application for writ of error in that case was denied, because Mrs. Coopwood was the mother of the injured party and in control of her at the time, and in exercising that control entered into a contract with the railroad company for the transportation of her invalid daughter from Brownwood to San Angelo. The acts of the employés of the railroad company and its negligence towards Miss Minnie was a direct violation of the contract with the mother; therefore this court held, in acting upon the application, that the railroad company owed to Mrs. Coopwood the duty to carry her daughter to San Angelo with that care which was due to a passenger. Mrs. Coopwood's injury resulted from a violation of this contract and a failure to perform that duty."

See also the following authorities, which seem to sustain the holding in G., C. & S. F. v. Coopwood, supra: Railway Co. v. Anchonda, 68 S. W. 743; Railway Co. v. Gillette, 64 Tex. 536; I. & G. N. R. R. Co. v. Smith (Sup.) 1 S. W. 565; G., C. & S. F. Ry. Co. v. Green, 141 S. W. 341, in which writ of error was denied; Street on Personal Injuries, in Texas, § 383.

We therefore conclude that the court did not err in refusing the charge requested; and, finding no error in the proceedings of the trial court, its judgment is affirmed.