**Eugene E. ROGOWICZ et ux., Appellants,**

v.

**TAYLOR AND GRAY, INC., Appellee.**

No. 695.

Court of Civil Appeals of Texas, Tyler.

July 26, 1973.

Rehearing Denied Aug. 30, 1973.

Kenneth D. Chesnutt, Dallas, for appellants.

Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

MOORE, Justice.

Appellants, Eugene E. Rogowicz, et ux, brought suit against appellee, Taylor and Gray, Inc., for damages for breach of an implied warranty upon a new home which they purchased from appellee. Appellants alleged that subsequent to the purchase of their home the foundation became materially defective; that as a result appellants were required to expend the sum of $2,980.00 for the repair of the foundation and sustained damages in such amount. Appellee answered with a general denial. Trial was before a jury. In response to the issues submitted by the court, the jury found (1) that appellee failed to construct the foundation in a good and workmanlike manner, (2) that such failure was a proximate cause of appellants' damages, and (3) that appellants sustained damages in the amount of $2,980.00. Neither party appealed from this portion of the judgment. Appellants, however, not being satisfied with some of the pretrial orders and rulings by the trial court, filed a motion for a new trial. After their motion for new trial was overruled, they perfected this appeal, but in so doing, they specifically lim-

ited the scope of the appeal to certain pre-trial rulings of the trial court pursuant to the provisions of Rule 353(c), Texas Rules of Civil Procedure.

The record is before us without a statement of facts. In order to properly understand the scope of this appeal, it will be necessary to briefly describe appellants' theory of recovery as shown by the pleadings, the jury's verdict, judgment and other instruments contained in the transcript.

According to the transcript appellants purchased the home in question in October of 1970. At some undisclosed date thereafter the foundation became defective. Appellants undertook to repair the same expending the sum of $2,980.00. At some undisclosed date after the repairs were made appellants sold their home and purchased another. Apparently the appellants took the novel position in the trial court, as they do on this appeal, that when the foundation became defective the home was no longer fit for its intended use and that they had a right to repair the defect and sell the house on the market and to recover the difference between the purchase price and the selling price, less the $2,980.00 expended for repairs, as well as other expenses incidental to making the property saleable. In Paragraph VI of their petition they sued for the cost of repairs in the amount of $2,980.00. In addition, they further alleged in Paragraph VI that they were entitled to recover "(5) selling cost of house: FHA Appraisal, $40.00; Title Policy $200.00; Real Estate Commission $1,478.00; Drawing Papers & Escrow Fee $30.00; FHA Points Discount $1,166.00; Recordation Cost $1.50; Paid Seller to Buy $1,200.00; (6) Drapes & Curtains $300.00 and (7) Loss of Bargain $3,000.00."

At the pre-trial hearing, the trial court, upon motion by appellee, struck sub-paragraphs 5, 6 and 7 of Paragraph VI of appellants' pleadings. While we do not know upon what grounds appellee's motion to strike was based because the motion is not contained in the transcript, the judgment nevertheless recites that the court struck the pleadings upon motion by appellee.

By their first point of error, appellants urge that the trial court erred in striking sub-paragraphs 5, 6 and 7 of Paragraph VI of their pleadings. They argue that since the foundation became defective, the home was no longer fit for its intended use and that as a result of the breach of appellee's warranty, they had an absolute right to make the property saleable and upon the sale thereof had a right to recover their selling expenses itemized in sub-paragraphs 5, 6 and 7 as a part of their consequential damages. They argue, in other words, that they had a right to sell the home and buy another because of the breach of warranty and that the proper measure of their damages would be the difference between the purchase price of the defective home and the selling price thereof, less the cost of repairs and all reasonable expenses incurred by them in making the property saleable, including the expenses of the sale. In their brief, they frankly admit that there is no authority for this proposition in this or any other jurisdiction. We have concluded that the proposition is without merit and accordingly overrule appellants' points.

In view of appellants' pleadings wherein they seek a recovery for repairs to the foundation and in view of the fact that appellants have not appealed from that portion of the judgment awarding them the sum of $2,980.00 for the repair to the foundation, it appears that the case was tried and submitted upon the theory that the defect in the foundation was such that it could be remedied without impairing the building as a whole.

Where such circumstances exist, it is well settled in this State that the measure of damages for defects which can be remedied without impairing the building as a whole is the reasonable cost of remedying the defects. Independent Shope Brick Co. v. Dugger, 281 S.W. 600 (Tex.Civ. App., Waco, 1926, affirmed, 285 S.W. 599,

Tex.Com.App., 1926); Builders Supply v. Anderson, 281 S.W.2d 649, 650 (Tex.Civ. App., San Antonio, 1955, writ ref., n. r. e.); New Home Construction Corporation v. O'Neill, 373 S.W.2d 798, 800 (Tex.Civ. App., Dallas, 1963, writ ref., n. r. e.); Badeaux v. Cohen, 437 S.W.2d 310 (Tex. Civ.App., Houston, 14th, 1969, n. w. h.). Therefore, under the record before us, appellants' damages are limited to the cost of repairs in the amount of $2,980.00. This being true, appellants would not be entitled to recover for the cost of making the property saleable nor would they be entitled to their expenses involved in disposing and selling the same. Consequently, we are of the opinion that the action of the trial court complained of in striking the allegations contained in subparagraphs 5, 6 and 7 of Paragraph VI of the petition fails to reflect any error.

In their second point of error appellants complain of the action of the trial court in granting appellee's pre-trial motion to strike Paragraph X of their first amended petition. Paragraph X reads as follows:

"The Plaintiffs would further show that serious emotional stress upon the lady of the house was of such nature as to make it medically adviseable (sic) for the family to move to new premises after restoration of the premises, in an effort to make the property salable. The foundation and drainage problems were a producing cause of serious emotional stress upon MRS. ROGOWICZ. The continued living in the unsuitable premises forced MRS. ROGOWICZ to incur medical expense and treatment. Plaintiffs would show, that her emotion condition has substantially improved since moving out of the premises. During the early part of 1971, her exasperation with HENRY GRAY, a corporate officer, for his inaction and remarks relating to the repair of the premises, contributed to her emotional stress. That by reasons thereof the Plaintiff, MRS. ROGOWICZ has suffered additional personal injury loss of $1,000.00."

In Article 2.715(b)(2), V.T.C.A., (U.C. C.), Texas Business and Commerce Code, it is provided:

"(b) Consequential damages resulting from the seller's breach include

\*    \*    \*    \*    \*    \*

"(2) injury to person or property proximately resulting from any breach of warranty."

■ As a general rule, mental suffering does not constitute an element of damages that may be recovered in an action either for a breach of contract or for a tort founded on a right growing out of a breach of contract. 17 Tex.Jur.2d, Damages, sec. 134, p. 199; Anderson Uniform Commercial Code, 2d Ed. sec. 2–715:37; State Nat. Bank of Iowa Park, Tex. v. Rogers, 89 S.W.2d 825 (Tex.Civ.App., Fort Worth, 1936, n. w. h.); City of Dallas v. Brown, 150 S.W.2d 129 (Tex.Civ.App., Dallas, 1941, dism.); 122 A.L.R. 1486. The foregoing rule, however, is qualified to the extent in that in some instances a recovery can be had where it is shown that the mental perturbation was more than ordinary regret or annoyance but is of the type commonly denominated as mental anguish; provided, however, the mental anguish must be shown to have been such a necessary and natural result of the breach of warranty as would be held to have been within the contemplation of the defendant at the time the contract was made. Freeman v. Clark, 177 S.W. 1188 (Tex.Civ. App., 1911) answering certified questions, 107 Tex. 298, 177 S.W. 1189 (1915); City of Dallas v. Brown, supra.

■ The action of the trial court in striking Paragraph X and thereby ruling that appellants had no cause of action arising from the emotional problems alleged to have been suffered by Mrs. Rogowicz, is closely akin to a summary judgment on the pleadings. In passing on the propriety of the ruling, we assume as true all factual allegations set forth in Paragraph X. Assuming that Mrs. Rogowicz did suffer seri-

ous emotional stress and illness after the foundation became defective, such facts, standing alone, would not be sufficient to establish a cause of action. In order to state a cause of action, the fact situation alleged must show that the injury was such a necessary and natural result of the breach of warranty as to have been contemplated or reasonably foreseeable by appellee at the time the contract was made. As we view the facts set forth by the pleading, the defective foundation was not, as a matter of law, a proximate cause of the alleged injury in that such a result or some similar one was neither within the contemplation of the parties nor reasonably foreseeable at the time of the making of the implied warranty.

The time when the sales contract is made is significant in determining what was within the contemplation of the parties. Anderson Uniform Commercial Code, 2d Ed. sec. 2-715:19. We fail to find anything in the pleadings suggesting that the foundation was defective at the time of the sale, nor do we find anything suggesting that appellee knew or should have known the foundation might become defective in the future. Under these circumstances, we fail to see how it can be said that appellee should have at the time of sale, reasonably foreseen that in the event the foundation should subsequently become defective, such incident would be likely to cause Mrs. Rogowicz to suffer with mental anguish or severe emotional illness. Consequently, we are of the opinion that no error is shown by the action of the trial court in striking Paragraph X of appellants' petition.

■ By their third and final point, appellants complain of the action of the trial court in suppressing the deposition of Dr. David L. Webb. In this connection, the record shows that appellants' purpose in taking and preserving the deposition of Dr. Webb was to prove that Mrs. Rogowicz suffered emotional illness as a result of the defect in the foundation as alleged in Paragraph X of their petition. In view of our ruling that the pleading fails, as a mat-

ter of law, to establish a cause of action based upon the mental anguish or emotional illness of Mrs. Rogowicz, the ruling of this court in suppressing the deposition becomes immaterial. Appellants' third point is accordingly overruled.

The judgment of the trial court is affirmed.