**Rose M. DELGADO, Appellant,**

v.

**The METHODIST HOSPITAL, Alex M. Straja, M.D., Michael McCann, M.D., and Kimberly Kenfield, M.D., Appellees.**

No. 14–96–00069–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 30, 1996.

Oscar F. Jones, Victoria, for appellant.

Kevin William Yankowsky, Dwaine Massey, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Judge.

Rose M. Delgado appeals from a summary judgment in favor of appellees. In four points of error, appellant claims the trial court erred in granting appellees' motions for summary judgment and motions for sanctions. We affirm.

Appellant was admitted to appellee hospital on April 20, 1993, for surgical procedures

to alleviate chronic back and lower extremity pain. Four days before surgery, appellant made oral arrangements with the hospital by telephone for a private room for recovery after the surgery. After surgery, she was informed by a nurse at the hospital she had only a semiprivate room. She complained to the nurse and the appellee doctors and was put into a private room and never went to the semi-private room assigned to her. Almost two years later, she filed this suit against appellee hospital for damages for mental anguish suffered as a result of being denied a private room. The hospital filed its answer and appellant then filed her amended petition against the hospital and appellee doctors for damages for mental anguish resulting from mistreatment by appellees in her demand for a private room which caused her mental distress.

Appellant's first amended petition alleged as causes of action, (1) negligence by appellees by exposing appellant to unreasonable risk of harm by not giving her a private room, (2) intentional infliction of emotional distress by intentional/reckless conduct that was outrageous or extreme on the part of appellees, causing appellant severe emotional distress and, (3) breach of contract by the hospital and tortious interference of appellant's contract with the hospital by appellee doctors. Appellee hospital filed its motion for summary judgment and sanctions pursuant to rule 13, Texas Rules of Civil Procedure, alleging appellant's lawsuit was frivolous and brought in bad faith. Appellee hospital's motion alleged appellant's pleadings failed, as a matter of law, to state any cause of action because: (1) there is no independent right to recover for negligent infliction of emotional distress, citing *Boyles v. Kerr*, 855 S.W.2d 593, 597 (Tex.1993); (2) mental anguish damages are not recoverable in breach of contract actions or in tort actions arising from a breach of contract, citing *Hallmark v. Hand*, 885 S.W.2d 471, 481 (Tex.App.—El Paso 1994, writ denied); (3) intentional infliction of emotional distress cause of action requires a threshold determination of outrageous conduct by the court as a matter of law citing *Wornick v. Casas*, 856 S.W.2d 732, 734 (Tex.1993). Appellee hospital further claimed that outrageous conduct,

if any, is privileged where the actor has done no more than insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress, citing *Motsenbocker v. Potts*, 863 S.W.2d 126, 132 (Tex. App.—Dallas 1993, no writ).

The appellee doctors filed a motion for summary judgment on the grounds that they should have judgment as a matter of law because: (1) damages for mental anguish are not recoverable in tortious interference of contract cases and, (2) they were not liable for negligent infliction of emotional distress nor intentional infliction of emotional distress pursuant to the same authorities cited by the appellee hospital. The appellee doctors likewise asked for rule 13 sanctions for appellant's frivolous lawsuit.

The order granting summary judgment for appellee hospital provided, in pertinent part: "Plaintiff takes nothing against defendant [hospital] on her claims of breach of contract, intentional and negligent infliction of emotional distress." The order granting summary judgment for appellee doctors provided, in pertinent part, that summary judgment is granted "on all claims and causes of action raised by plaintiff."

In points of error one, two, and three, appellant claims the trial court erred in granting the motions for summary judgment because: (1) the moving parties did not negate all possible causes of action asserted by appellant in her live pleadings, (2) appellant had presented sufficient evidence either to negate each motion or show a material fact issue was present precluding the granting of the motion and, (3) the motions were prematurely granted before appellant could complete necessary discovery in her case.

The summary judgment movant has the burden of establishing by competent summary judgment proof, that as a matter of law, there is no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). A defendant who moves for summary judgment must conclusively disprove one of the elements of each of the plaintiff's causes

of action. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773–774 (Tex.1995). If the movant establishes his right to judgment, the burden shifts to the nonmovant to raise a fact issue that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). We review the evidence in the light most favorable to the nonmovant, accept all of the nonmovant's factual assertions as true, and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–549 (Tex.1985). Mere conclusory statements do not constitute effective summary judgment proof and need not be given the same presumptive force as allegations of fact. *Abbott Laboratories, Inc. v. Segura,* 907 S.W.2d 503, 508 (Tex.1995). A summary judgment may not be based upon a weakness in the nonmovant's pleading or proof unless it establishes the absence of a right of action or an insurmountable bar to recovery. *State v. Durham,* 860 S.W.2d 63, 68 (Tex.1993). A defendant may establish his entitlement to summary judgment by disproving at least one element of each claim specifically pleaded by the plaintiff unless the plaintiff in response raises a genuine issue of material fact as to some other claim which might be brought within the general language of the petition. *SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 355 (Tex.1995)

█ In point of error one, appellant argues the trial court erred by granting appellees' motions for summary judgment on appellant's pleadings citing *Texas Department of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974) which requires the defendant to specially except to defective pleadings allowing the plaintiff time to amend before moving for summary judgment. However, if the plaintiff's petition affirmatively demonstrates that no cause of action exists or that the plaintiff's recovery is barred, no opportunity to amend is necessary, and summary judgment or dismissal is proper. *Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 805 (Tex. 1989). Summary judgment is proper where the plaintiff's allegations cannot constitute a cause of action as a matter of law. *Maranatha Temple v. Enterprise Products,* 893 S.W.2d 92, 98 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The trial court granted summary judgment on the motions of appellees that alleged appellant's claims were barred as a matter of law.

█ Both appellees sought summary judgment on appellant's negligence claim on the ground that appellant had no claim for negligently inflicted emotional distress as a matter of law. In *Boyles v. Kerr,* 855 S.W.2d 593, 597 (Tex.1993), the supreme court held that there is no general duty not to negligently inflict emotional distress. The decision does not affect a claimant's right to recover mental anguish damages caused by defendant's breach of some other legal duty. *Id.* Appellees successfully negated appellant's claim of negligently inflicting emotional distress as a matter of law. Appellant's response to the appellees' motions for summary judgment fails to cite any facts or authority to show appellees breached "some other legal duty" that would give appellant the right to recover damages for mental anguish in a negligence case. *Id.* We overrule points of error one and two as to appellant's claim that appellees negligently inflicted emotional distress.

Appellant admits in her brief that appellee hospital's position with respect to her breach of contract claim "may eventually prove to be correct" because appellant did ultimately receive and utilize the private room facility for which she contracted with the hospital. However, appellant claims the hospital failed to negate appellant's breach of contract claim by proper summary judgment evidence. Both appellees claimed that damages for mental distress are not recoverable as a matter of law in breach of contract actions. Both appellees cite *Hallmark v. Hand,* 885 S.W.2d 471, 481 (Tex.App.—El Paso 1994, writ denied) as an authority. We agree with appellees.

In *Hallmark,* the court stated:

In a breach of contract suit, damages are limited to the actual damages that are the natural, probable, and foreseeable consequence of the defendant's breach. [citations omitted]. However, mental anguish damages are not recoverable in a cause of action for breach of contract nor in a tort

action arising from a contractual breach [citations omitted].

■ As to appellee hospital, the breach of contract claim is barred as a matter of law as the damages pleaded by appellant are only for mental anguish which are not recoverable in a breach of contract case. Appellant cites three cases to support her contention that her case is an exception to the general rule prohibiting recovery of mental anguish damages in a breach of contract claim. Appellant cites *Freeman v. Clark*, 107 Tex. 298, 177 S.W. 1189 (1915) and *Gulf C. & S.F.Ry. Co. v. Coopwood*, 96 S.W. 102 (Tex.Civ.App.1906, writ denied) involving claims of mental anguish by passengers on trains for tortious actions by railroad personnel that caused the passengers mental anguish. Appellant also cites *Rogowicz v. Taylor & Gray, Inc.*, 498 S.W.2d 352 (Tex.Civ.App.—Tyler 1973, writ ref'd n.r.e.) which involved a breach of an implied warranty of fitness by a contractor on a home purchased by Rogowicz. After Rogowicz bought the home, the foundation became defective and had to be repaired. Mrs. Rogowicz claimed damages for mental anguish arising out of the breach of the warranty of fitness. All three cases involved an exception to the general rule and were limited to situations "where it is shown that the mental perturbation was more than ordinary regret or annoyance but is of the type commonly denominated as mental anguish; provided, however, the mental anguish must be shown to have been such a necessary and natural result of the breach of warranty as would be held to have been within the contemplation of the defendant at the time the contract was made." *Rogowicz*, 498 S.W.2d at 355 (citing *Freeman v. Clark*, 177 S.W. 1188 (Tex.Civ.App.1911) answering certified questions, 107 Tex. 298, 177 S.W. 1189 (1915)). In *Rogowicz*, the court found the pleadings failed to suggest the foundation was defective at the time of sale, nor did they suggest the contractor knew or should have known the foundation might become defective in the future. Furthermore, the court found the pleadings did not suggest the contractor, at the time of sale, could have reasonably foreseen such defects would be likely to cause Mrs. Rogowicz to suffer emotional illness. *Id.* at 356. The *Rogowicz* court

found that the pleadings failed to establish a cause of action for mental anguish as a matter of law.

The only case cited by appellant in which damages for mental anguish were recovered was *Coopwood*. In *Coopwood*, the mother recovered damages for mental anguish against the railroad for severe mistreatment of her sick child when the railroad "accepted appellee and her daughter as passengers knowing the relationship existing between them and the helpless condition of the daughter." *Coopwood*, 96 S.W. at 104. The *Coopwood* court found: "Under the circumstances, appellant assumed the duty of exercising such care as would reasonably insure or secure appellee and her daughter immunity from negligent, harsh, or improper treatment by its employees during their transportation to the point of destination." *Id.* The invalid child in *Coopwood* was helpless and evidence showed the employees of the railroad attempted to put the child in the baggage car and told the mother that was the place for the child if she was sick; the employees further refused to help the child get off the train until after the other passengers had left, then left the child and her mother to seek accommodations in a carriage which took considerable time. The *Coopwood* court found that the railroad undertook a contract with the mother and daughter to transport them "assuming thereby the duty of exercising that high degree of care, as before stated, to avoid injury to them." In *Freeman*, the supreme court, on certificate from the court of appeals, found that *Coopwood* was distinguishable and stated, in pertinent part, "in view of the relationship, it was properly ruled that mental suffering on the part of the mother would naturally have been within the contemplation of the defendant if the daughter was subjected to that character of treatment." *Freeman*, 177 S.W. at 1192. *Freeman* involved a claim against a railroad by a Confederate Civil War veteran for mental anguish arising out of being placed in an old, uncomfortable day coach with black people. The supreme court held that the test was whether mental anguish "was such a necessary and natural result of the breach of the contract as that the appellant [railroad] will

be held to have contemplated it in the event of such a breach when the contract was made; and we hold that such could not reasonably have been in contemplation in this case." *Freeman*, 177 S.W. at 1192.

In *Boyles v. Kerr*, cited in this opinion, the supreme court made an exception to its finding that there is no general duty not to negligently inflict emotion distress and stated: "Our decision does not affect a claimant's right to recover mental anguish damages caused by defendant's breach of some other legal duty. *See e.g.*, ... *Pat H. Foley & Co. v. Wyatt*, 442 S.W.2d 904 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.) (negligent handling of corpse)." *Boyles v. Kerr*, 855 S.W.2d at 597. The *Pat H. Foley & Co.* case involved the above exception to the general rule that mental anguish is not recoverable in breach of contract cases and held, in pertinent part:

> Where the contract is personal in nature and the contractual duty or obligation is so coupled with matters of mental concern or solicitude, or with the sensibilities of the party to whom the duty is owed, that a breach of that duty will necessarily or reasonably result in mental anguish or suffering, and it should be known to the parties from the nature of the contract that such suffering will result from its breach, compensatory damages therefor may be recovered.

*Pat H. Foley*, 442 S.W.2d at 906.

In the *Pat H. Foley* case, the plaintiff, Zelda Wyatt, contracted with a funeral home of appellant, Pat H. Foley & Co., to prepare her deceased son's remains for burial. Mrs. Wyatt opened the casket at the funeral services and was overcome by a grossly offensive odor that caused her to become ill, faint, and receive medication. The evidence showed that a representative of Foley had opened the casket prior to the service and was aware of the offensive odor but said nothing to Mrs. Wyatt. The *Pat H. Foley* court found that the mental anguish was not founded solely in the tortious act of the funeral home and was based in part upon the contractual relationship between the funeral home and Mrs. Wyatt. The court limited its findings to the facts of that case stating:

The contract was predominantly personal in nature and no substantial pecuniary loss would follow its breach. Her mental concern, her sensibilities, and her solicitude were the prime considerations for the contract, and the contract itself was such as to put the defendants on notice that a failure on their part to inter the body properly would probably produce mental suffering on her part. It cannot be said, therefore, that such damages were not within the contemplation of the parties at the time the contract was made.

*Id.* at 907.

■ In order to qualify under these exceptions, which are still valid claims under *Boyles v. Kerr*, 855 S.W.2d at 597, and the cases similar to *Pat H. Foley*, it must be shown that the mental perturbation was more than ordinary regret or annoyance but is of a type commonly denominated as mental anguish, and the mental anguish was such a necessary and natural result of the breach of contract as to have been within the contemplation of the defendant at the time the contract was made. *Rogowicz*, 498 S.W.2d at 355.

■ In this case, appellant's pleadings reflect she contracted for her private room with appellee hospital a few days before surgery and that appellee hospital was aware of the reasons for her request. Appellant told the appellee hospital she suffered bowel incontinence and was fearful of intrusion by unknown strangers in semi-private rooms. Appellant's pleadings state that after surgery she was told she had only a semi-private room and after "much emotional abuse" she received a private room. By accepting the private room after the discussion with the doctors and representatives of the hospital after surgery, appellant waived any breach of contract claim. A party to a contract may effectively waive a breach by the other party by continuing to insist on performance by the other party even after a breach. *Seismic & Digital Concepts, Inc. v. Digital Resources*, 590 S.W.2d 718, 721 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Furthermore, even if it could be said there was a breach of the contract, appellant did not plead that appel-

lees could have reasonably foreseen at the time of the making of the contract (when she talked to the hospital about the private room on the telephone before admission) that there would be the subsequent altercation with the doctors after surgery about the room and such incident would likely cause appellant to suffer mental anguish. *Rogowicz*, 498 S.W.2d at 356. The pleadings of appellant failed to establish a cause of action for mental anguish arising from a breach of contract because the fact situation alleged did not show that the injury was such a necessary and natural result of the breach of contract as to have been contemplated or reasonably foreseeable by appellees at the time the contract was made. *Rogowicz*, 498 S.W.2d at 356. Summary judgment as to this cause of action was proper. We overrule appellant's points of error one and two as respect her claim for mental anguish arising out of a breach of contract by appellees. Appellant failed to plead her case came within the exception to the general that no damages are recoverable for mental anguish in a breach of contract case. *Rogowicz*, 498 S.W.2d at 356.

 Likewise, the claim of tortious interference by appellee doctors with the appellant's contract for a private room with the hospital fails. As stated in this opinion, appellant waived any claim for a breach of contract by insisting on and accepting performance of the contract and being furnished a private room as contracted for. Even if a breach could be established by appellant, mental anguish damages are not recoverable in any tort action based on rights growing out of the breach of a contract. *Doe v. SmithKline Beecham Corp.*, 855 S.W.2d 248, 258 (Tex.App.—Austin 1993), *affirmed as modified*, 903 S.W.2d 347 (Tex.1995). We overrule appellant's points of error one and two with respect to her claim for tortious interference with her contract by the appellee doctors.

Appellant's third claim, under points of error one and two, was for intentional infliction of emotional distress. In *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993), the supreme court held that a plaintiff must establish four essential elements to state a valid claim for intentional infliction of emo-

tional distress: (1) that the defendant acted intentionally or recklessly, (2) that the defendant's conduct was extreme and outrageous, (3) that the actions of the defendant caused the plaintiff emotional distress and, (4) that the emotional distress suffered by the plaintiff was severe. In *Wornick Co. v. Casas*, 856 S.W.2d 732, 734 (Tex.1993), the supreme court held that the extreme and outrageousness of the defendant's conduct is a threshold inquiry and is a question of law for the court. In *Motsenbocker v. Potts*, 863 S.W.2d 126, 132 (Tex.App.—Dallas 1993, no writ), the court stated "outrageous conduct is privileged where the actor has done no more than insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress" citing RESTATEMENT (SECOND) OF TORTS § 46g (1965). Appellant stated in her pleadings:

Defendant hospital, through its medical personnel and staff nurses and doctors, refused its medical personnel and staff nurses and doctors, refused to provide Plaintiff a private room, and demanded a substantial cash deposit from Plaintiff where she would be eligible for a private room. Furthermore, after Plaintiff made repeated requests for a private room, Defendant doctors threatened to cease medical treatment of Plaintiff if she did not agree to a semi-private room.

As a matter of law, the allegations of appellant as to the conduct of the hospital and the appellee doctors with respect to the private room requested by appellant do not amount to outrageous conduct. The hospital had a legal right to insist upon payment for the private room. *Wieler v. United Sav. Ass'n of Tex., FSB*, 887 S.W.2d 155, 159 (Tex.App.—Texarkana 1994), *writ denied*, 907 S.W.2d 454 (Tex.1995); *Republic Bankers Life Insurance Co. v. Anglin*, 433 S.W.2d 795, 796 (Tex.Civ.App.—Texarkana 1968, no writ).

 The conduct of the doctors, as a matter of law, was not so extreme and outrageous as to permit recovery. In order to support a claim for intentional infliction of emotional distress, the conduct must be so outrageous in character and extreme in de-

gree as to go beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994). Whether the conduct may reasonably be regarded as extreme and outrageous is initially a question of law for the courts. *Wornick Co.*, 856 S.W.2d at 734. The conduct of the doctors in telling appellant if she did not take a semi-private room they would send her home and cease medical treatment may be morally unjustifiable, unscrupulous and ignominious behavior, but such conduct does not rise to the level of "extreme and outrageous." *Wornick Co.*, 856 S.W.2d at 735. *See also Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). We overrule appellant's points of error one and two on all causes of action.

 In point of error three, appellant contends the trial court erred in granting appellees' motions for summary judgment because she had not been allowed to take the depositions of the appellee doctors and develop the case properly or sufficiently.

The record shows that appellant had filed her amended petition March 24, 1995. Appellees filed their respective motions for summary judgment August 1, 1995, and the orders granting summary judgment were dated September 1, 1995 (for appellee hospital) and September 18, 1995 (for appellee doctors). Appellant had four months in which to file a motion for continuance to get ready for the hearings on the motions for summary judgment. Appellant may not complain that she was forced to go to trial before she was ready when she did not move for a continuance. *Rylee v. McMorrough*, 616 S.W.2d 649, 653 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd). This rule applies to summary judgment hearings, although applications for additional time under the summary judgment provisions of rule–166–A, Texas Rules of Civil Procedure, do not require a strict compliance with all the requirements of rule 252, Texas Rules of Civil Procedure. *Id.* We overrule appellant's point of error three.

In point of error four, appellant contends the trial court abused its discretion by as-

sessing rule 13 sanctions for filing a frivolous lawsuit and awarding appellee doctors $1,000.00 as sanctions.

The trial court's order on motion for sanctions stated there "was no basis in law or fact for any of the causes of action asserted" in appellant's first amended petition and "the Court is further of the opinion that nothing in plaintiff's first amended petition is warranted by a good faith argument for the extension, modification or reversal of existing law."

 The standard of review for a trial court's imposition of sanctions is abuse of discretion. *Trevino v. Houston Orthopedic Ctr.*, 831 S.W.2d 341, 343 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, or in other words, acting in an arbitrary and unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The trial court does not necessarily abuse its discretion if under the same facts, an appellate court would decide the matter differently, or if the court commits a mere error in judgment. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989). This court will reverse the trial court's ruling only if it abuses its discretion and the error is harmful. TEX.R.APP. P. 81(b); *Attorney General v. Cartwright*, 874 S.W.2d 210, 216 (Tex.App.—Houston [14th Dist.] 1994, writ denied). A trial court may impose sanctions against an attorney, a represented party, or both for pleadings, motions, or other papers filed in bad faith or which are groundless and have no basis in law and fact. TEX.R. CIV. P. 13; *Attorney General*, 874 S.W.2d at 216. When determining whether or not an action is groundless and brought in bad faith so as to warrant the imposition of sanctions, the trial court may base its decision either on undisputed fact issues, undisputed legal issues, or jury findings. *Mader v. Aetna Cas. & Sur. Co.*, 683 S.W.2d 731, 734 (Tex.App.—Corpus Christi 1984, no writ). The fact that a party refused requests to dismiss a frivolous claim prior to the imposition of sanctions is evidence which will support a trial court's deter-

mination that sanctions are justified in a particular case. *Miller v. Armogida*, 877 S.W.2d 361, 365 (Tex.App.—Houston [1st Dist.] 1994, writ denied).

■ The record reveals that appellant was notified in writing on two separate occasions prior to the filing of the motion for sanctions that sanctions would be sought if appellant did not voluntarily dismiss these frivolous claims. The record reveals, as a matter of law, that appellant's claims were groundless. We find the trial court did not abuse its discretion by granting appellees motions for sanctions and granting summary judgment on the pleadings. We overrule appellant's point of error four.

■ In cross-point of error one, appellee doctors ask this court to impose sanctions against appellant under rule 84, Texas Rules of Appellate Procedure, for bringing a frivolous appeal. Where an appeal is taken for delay and without sufficient cause, rule 84 authorizes an award to a prevailing appellee of an amount not to exceed ten times the total taxable costs as damages against such appellant when there are no money damages awarded to the appellee by the judgment of the trial court. Where the record shows that an appellant has no reasonable expectation of reversal and pursues the appeal in bad faith, sanctions can be given. *Maronge v. Cityfed Mortgage Co.*, 803 S.W.2d 393, 396 (Tex. App.—Houston [14th Dist.] 1991, no writ).

■ The granting of sanctions is within the discretion of the appellate court. TEX. R.APP. P. 84. In this case, there is some merit to the arguments for appellant's sanctions. We, however, refuse to grant further sanctions in the firm belief that those already assessed have accomplished their dual purpose: present punishment for, and future prevention of, such conduct. *Attorney General*, 874 S.W.2d at 220. We overrule appellee doctors' cross-point of error one.

The judgment of the trial court is affirmed.

EDELMAN, J., concurs in the result only.