TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00708-CV






William T. Hanna, Appellant



v.



Connie Niemann, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 97-10653-A, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 






 Appellant William T. Hanna appeals the summary judgment and sanctions orders
granted in favor of appellee Connie Niemann. We will affirm both trial court orders.


STATEMENT OF FACTS

 Larry and Jeanette Stewart and John and Carol Lively originally retained Niemann,
an attorney licensed by the State of Texas, to assist them in resolving a dispute with A-1
Investment, Inc. ("A-1"), the entity from which they purchased condominium units at the Sky
Room at Lago Vista Condominiums (the "Condominiums"). The Stewarts and the Livelys became
concerned because the recorded condominium declaration varied from the original declaration
given to the Stewarts and the Livelys before they purchased their units. 

 On November 22, 1996, Niemann filed a document entitled "Notice to the Public"
("Notice") in the Travis County real property records. The Notice referred to the Condominiums
and stated that no articles of incorporation making the Sky Room at Lago Vista Owners
Association, Inc., a legal entity had been filed with the Secretary of State. The Notice also stated
that the condominium declaration recorded in the real property records of Travis County was
incomplete because it was missing pages seven through eleven. The Notice attached the allegedly
missing pages as Exhibit A and indicated that any future record filing of those pages that deviated
from the pages of Exhibit A was non-binding and void unless the pages were properly amended. 
The Notice concluded as follows:


EXECUTED THIS 22nd day of November, 1996


 NIEMANN & NIEMANN, L.L.P.


 By [Connie Niemann's signature] 

 Connie Niemann

 Attorneys for the above-named Owners of
Units A and E, The Sky Room at Lago Vista
Condominiums



 On November 26, Niemann sent a letter to John Young, A-1's representative. She
stated at the opening of the letter that she had been retained by the Stewarts and the Livelys to
represent them in matters concerning their purchase of the condominium units. She outlined
several concerns, noting that it would be improper for Young to conduct a planned meeting to
elect officers to serve on the Board of Directors of the Lago Vista Owners Association, Inc., as
the Association was not a legal entity, and that she perceived problems in the condominium
declaration as recorded. She explained that in the declaration given to the Stewarts, before they
purchased Unit A, the "carport" attached to Unit A was described as a limited common element
for that unit. (1) She noted that the declaration filed in the real property records was missing pages
seven to eleven, and the pages Young intended to record to replace the missing pages did not
define the carport as a limited common element of Unit A. 

 Niemann stated in the letter, "My clients are extremely frustrated with all of your
inept and shady dealings and are ready to bring charges against you for fraud and violation of the
Texas Deceptive Trade Practices Act." She indicated that her clients might be willing to resolve
the problems without resorting to a lawsuit if conditions specified in the letter were met. Niemann
attached the Notice to the letter and indicated that the Notice would be filed if certain conditions
were not met, and that the filing would "create a cloud on the title of all remaining units." She
then noted that the Notice was already "of record." 

 Appellant purchased the remaining three Condominium units in January 1997. He
was aware that the Stewarts and the Livelys claimed the exclusive right to park their vehicles
under the portico, but he did not believe the condominium declaration as recorded granted them
this right. On the day of closing, appellant learned that his title was burdened by the Notice. He
nonetheless closed on the purchase of the three units.

 Appellant apparently sued the Stewarts and the Livelys in September 1997. (2) 
Niemann entered an appearance on behalf of the Stewarts and the Livelys in November. 
According to Niemann's motion for summary judgment, on May 6, 1998, appellant filed a
supplemental petition naming Niemann as an additional defendant and alleging slander of title,
conspiracy to slander title, and tortious interference with advantageous business relations, all based
on her filing of the Notice. 

 On May 22, appellant filed his first amended petition, which names all five
defendants as parties. The petition requests the trial court to render judgment declaring that the
Notice is invalid and that Hanna is the president of the Condominium Owners' Association, to
compel the Stewarts and the Livelys to pay their monthly Owners' Association dues, and to enjoin
the Stewarts from misappropriating use of the driveway and the portico. The petition also charges
Larry Stewart with assault by threat and intentional infliction of emotional distress. 

 The Stewarts and the Livelys moved to strike the pleadings joining Niemann as an
additional defendant; the trial court instead severed all claims against Niemann and directed the
clerk of the court to establish a separate cause number and file for appellant's claims against
Niemann. Niemann subsequently moved for summary judgment in her separate cause, arguing
that appellant's slander of title, conspiracy to slander title, and tortious interference claims against
her were not viable because the claims were based on an action she took during the proper
representation of her clients. Niemann also moved for sanctions against appellant and his attorney
for filing frivolous pleadings and instigating improper litigation. The trial court granted
Niemann's motion for summary judgment. The trial court also sanctioned appellant by striking
his cause of action against Niemann, dismissing his cause against Niemann with prejudice, and
ordering appellant and his attorney to pay a total of $2,000 to Niemann for the expenses she
incurred to defend herself. Appellant now appeals to this Court the trial court's grant of summary
judgment and sanctions in favor of Niemann. (3)


DISCUSSION

Summary Judgment

 A party who moves for summary judgment has the burden of showing that no
genuine issue of material fact exists and that she is entitled to judgment as a matter of law. See
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). Summary judgment
is proper where the plaintiff's allegations cannot constitute a cause of action as a matter of law. 
See Bradt v. West, 892 S.W.2d 56, 65 (Tex. App.--Houston [1st Dist.] 1994, writ denied). 

 In this case, the facts are not in dispute. Niemann filed the Notice in behalf of her
clients, based on her understanding that the condominium declaration filed in the Travis County
real property records differed from the declaration provided her clients before they purchased their
condominium units. As evidenced by her letter to Young, she knew that the Notice would cloud
the title of the remaining condominiums. Appellant purchased the remaining three units and closed
on the purchase knowing that the Notice clouded his title. 

 Niemann moved for summary judgment on the basis that appellant failed to state
a cause of action against her because no cause of action exists against an attorney arising out of
actions the attorney takes during the proper legal representation of her clients. Appellant
complains in his first three issues that the trial court erred by granting Niemann's motion for
summary judgment because these facts do give rise to a cause of action against Niemann. We
disagree with appellant's position.

 Texas attorneys are authorized to "'practice their profession, to advise their clients,
and to interpose any defense or supposed defense, without making themselves liable for
damages.'" Renfroe v. Jones & Assocs., 947 S.W.2d 285, 287 (Tex. App.--Fort Worth 1997,
writ denied) (quoting Kruegel v. Murphy, 126 S.W. 343, 345 (Tex. Civ. App.--Dallas 1910, writ
ref'd)). The purpose behind this well-established rule is to allow an attorney to fulfill her duty and
zealously represent her clients without subjecting herself to the threat of liability. See Bradt, 892
S.W.2d at 71. The rule focuses on the type of conduct in which the attorney engages, rather than
on whether the conduct was meritorious in the context of the underlying lawsuit. See Renfroe, 947
S.W.2d at 288; Bradt, 892 S.W.2d at 72. "Accordingly, the present case turns on whether the
attorney's conduct was part of discharging [her] duties in representing [her] client[s]. If the
conduct is within this context, it is not actionable even if it is meritless." Renfroe, 947 S.W.2d
at 288 (emphasis added).

 Appellant argues that Renfroe and Bradt are distinguishable because the attorneys
sued in those cases were actively involved in litigation against the party who sued, while in the
instant case no lawsuit had commenced before Niemann filed the Notice. That distinction is not
relevant, however, because an attorney's qualified privilege relates to her representation of a
client, regardless of whether the conduct is in the context of pending litigation. An attorney's duty
to represent a client zealously begins as soon as "the client has requested the lawyer to render legal
services and the lawyer has agreed to do so." Tex. Disciplinary R. Prof. Conduct preamble ¶ 12
(State Bar Rules art. X, § 9). An attorney is called upon to represent her client in many roles
besides that of advocate in litigation; for example, an attorney may act as legal counselor, advisor,
negotiator, or intermediary. See id. ¶ 2. Niemann was retained to represent the Stewarts and the
Livelys in resolving their dispute with the prior owners of their condominium units. She filed the
Notice in the context of discharging her legal duty to represent them. 

 Appellant does not dispute that Niemann's actions were taken in the course of
representing her clients; rather, he contends that Niemann is subject to liability because she had
no legal justification for filing the Notice. He points out that attorneys are not free to "'inflict
indiscriminate damage' merely because they are attorneys representing parties." Bradt, 892
S.W.2d at 72. We agree that Niemann might be liable if, for example, she physically assaulted
appellant while representing her clients during negotiation or mediation proceedings. See id; see
also Likover v. Sunflower Terrace II, Ltd., 696 S.W.2d 468, 472 (Tex. App.--Houston [1st Dist.]
1985, no writ) ("[A]n attorney is liable if he knowingly commits a fraudulent act that injures a
third person, or if he knowingly enters into a conspiracy to defraud a third person."). We also
recognize that an attorney may be held liable for fraudulent misrepresentation. See generally
McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 42 Tex. S. Ct. J. 597 (April 29,
1999). The facts of this case, however, do not give rise to a cause of action against Niemann. 

 Hanna essentially complains that Niemann committed a legal error by filing the
Notice, which he characterizes as a "truly unique instrument" that is unsupported by "legal
authority, either common law or statutory." He contends that construing the Notice "in the most
favorable light to her, the document that Niemann crafted evidences and places subsequent
purchasers on notice of a dispute between the owners" of the condominium units. In reviewing
the summary judgment granted in favor of Niemann, we review the evidence in the light most
favorable to appellant, not Niemann. Nonetheless, appellant correctly identifies the nature of the
Notice. Considering that the Stewarts and the Livelys sought Niemann's legal assistance to
resolve a dispute with the prior owners of their condominium units, it is unremarkable that she
took steps to place third parties on notice of the dispute over the propriety of the recorded
condominium declarations. 

 If Niemann's action in filing the Notice was an inappropriate manner in which to
protect her clients' interests, and the Stewarts and the Livelys prove to be ultimately liable to
appellant for slandering his title, Niemann's clients may then assert a claim against her. Under
these facts, however, appellant's allegations do not constitute a cause of action against Niemann
as a matter of law. Appellant's first three issues are overruled, and the summary judgment order
is affirmed. 


Sanctions

 Niemann's motion for summary judgment also asked the trial court to impose
sanctions on appellant and his attorney for filing a frivolous pleading. See Tex. R. Civ. P. 13
(permitting trial court to sanction both represented party and attorney for filing groundless
pleadings). She argued that appellant and his attorney showed a conscious indifference to settled
rules of law by filing a suit against her for actions she took while properly representing her clients. 
The trial court granted Niemann's motion and imposed, among other things, a monetary sanction
against appellant and his attorney. In issue six, appellant asks that we reverse the district court's
order granting a $2,000 sanction against him because his lawsuit against Niemann was not
groundless. (4) 

 We review the trial court's imposition of sanctions under an abuse of discretion
standard. See Land v. AT & S Transp., Inc., 947 S.W.2d 665, 667 (Tex. App.--Austin 1997, no
writ). A trial court abuses its discretion only when it acts in an unreasonable or arbitrary manner
or when it acts without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). On this record, we decline to hold that
the trial court abused its discretion by sanctioning appellant. Appellant's sixth issue is overruled. 
 Niemann has requested that we impose additional sanctions against appellant for
pursuing a frivolous appeal. See Tex. R. App. P. 45 ("If the court of appeals determines that an
appeal is frivolous, it may . . . award each prevailing party just damages."). We believe the
sanctions already imposed by the trial court are sufficient; therefore, we decline Niemann's request
for additional sanctions. See Delgado v. Methodist Hosp., 936 S.W.2d 479, 488 (Tex.
App.--Houston [14th Dist.] 1996, no writ) (granting of sanctions for frivolous appeal within
discretion of appellate court). 


CONCLUSION

 We affirm the summary judgment and sanctions orders. 



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: June 17, 1999

Do Not Publish
1. Appellant refers to the disputed area as an "architecturally distinct Portico." A portico is
"[a] porch or walkway with a roof supported by columns, often leading to the entrance of a
building." The American Heritage Dictionary of the English Language 1021-22 (William Morris
ed., 1973). Regardless of the terminology, the underlying dispute considers whether Stewart has
the right to use the structure as a covered parking space. 
2. The original petition is not in the clerk's record because Niemann's cause has been severed
from the original suit.
3. In his brief, appellant also contested the trial court's severance of Niemann from the original
cause of action. Appellant waived the two issues relating to the severance during oral argument. 
4. The trial court's order does not state the reasons sanctions are warranted in this case. 
Because Niemann's motion asserted only one basis for sanctions, we assume that is the basis for
the sanction award. Appellant has not challenged the trial court's sanctions order for its lack of
specificity. 



aces subsequent
purchasers on notice of a dispute between the owners" of the condominium units. In reviewing
the summary judgment granted in favor of Niemann, we review the evidence in the light most
favorable to appellant, not Niemann. Nonetheless, appellant correctly identifies the nature of the
Notice. Considering that the Stewarts and the Livelys sought Niemann's legal assistance to
resolve a dispute with the prior owners of their condominium units, it is unremarkable that she
took steps to place third parties on notice of the dispute over the propriety of the recorded
condominium declarations. 

 If Niemann's action in filing the Notice was an inappropriate manner in which to
protect her clients' interests, and the Stewarts and the Livelys prove to be ultimately liable to
appellant for slandering his title, Niemann's clients may then assert a claim against her. Under
these facts, however, appellant's allegations do not constitute a cause of action against Niemann
as a matter of law. Appellant's first three issues are overruled, and the summary judgment order
is affirmed. 


Sanctions

 Niemann's motion for summary judgment also asked the trial court to impose
sanctions on appellant and his attorney for filing a frivolous pleading. See Tex. R. Civ. P. 13
(permitting trial court to sanction both represented party and attorney for filing groundless
pleadings). She