**Affirmed and Memorandum Opinion filed October 22, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00932-CV

_____

### JASON  DEYO, Appellant

### V.

### JEFFREY R. GILBERT, P.C., JEFFREY R. GILBERT, RACHEL MICHELLE PRESA AGUILAR, Appellees

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 97337-CV**

## MEMORANDUM  OPINION

Following his commitment in jail for non-payment of child support, Jason Deyo sued the attorneys and law firm (appellees) who represented the mother of the child in the enforcement proceeding.  Deyo alleged claims for malicious prosecution, false imprisonment, and civil conspiracy.  The trial court granted the appellees' motion for summary judgment, and Deyo appeals.  We affirm.

## I.    Background

Deyo alleged in his petition[1] that one of the mother's lawyers filed a "First Amended Motion for Enforcement of Child Support Order" on behalf of the mother, but the lawyer did not personally serve Deyo as required by Section 157.062(c) of the Family Code.  *See* Tex. Fam. Code § 157.062(c) ("Notice of a hearing on a motion for enforcement of a final order providing for child support . . . shall be given to the respondent by personal service of a copy of the motion and notice not later than the 10th day before the date of the hearing.").  Deyo alleged that, after the court held a hearing on the motion and ordered Deyo committed to jail, another of the mother's lawyers, "acting upon the imprimatur of the court from the previous day and with the certain knowledge of lack of service," signed and presented to the trial court an "Order Holding Respondent In Contempt For Failure To Pay Child Support, Granting Judgment, And For Commitment To County Jail."  Deyo alleged that he applied for a writ of habeas corpus based on the lack of service, and the habeas court granted the writ because appellant had not been afforded due process.  He alleged that the habeas court determined that the enforcement action was "without authority of law" and was "void."

Appellees filed a motion for summary judgment and argued that their attached transcript of the contempt hearing negated the causation element regarding each of Deyo's claims.  Appellees attached a partial transcript of the contempt hearing and argued that the trial court made an independent judicial decision.  Appellees also attached an affidavit of a process server who testified that

---

[1] Deyo's pleading is titled a "complaint."  We treat it as a petition.  *See* Tex. R. Civ. P. 71; *In re J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016); *see also* Tex. R. Civ. P. 45(a).

he personally delivered a precept and "First Amended Order to Appear" to Deyo on May 3.[2]

Appellees argued that Deyo's false imprisonment claim failed as a matter of law because appellees "did nothing but speak the truth." And appellees argued that Deyo's malicious prosecution claim was barred because the claim could not be brought if a contempt action was void, as Deyo alleged in his petition.

The trial court granted the motion. On appeal, Deyo challenges the trial court's granting of the motion.

## II.    Standard of Review

We review a grant of a motion for summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). The movant has the initial burden to show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Lujan v. Navistar Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant satisfies this burden, then the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Id.* We review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable fact finders could, and disregarding contrary evidence unless reasonable fact finders could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

---

[2] The First Amended Order to Appear, signed April 28, 2017, ordered Deyo to "appear and respond to Movant's Motion for Enforcement of Child Support Order (filed February 7, 2017)." The parties agree on appeal that Deyo was never personally served with the First Amended Motion for Enforcement of Child Support Order, which the mother filed on May 9, 2017. The amended motion includes a certificate of service stating that the motion was served on Deyo "electronically" to an e-mail address.

## III.   Summary Judgment Evidence

As an initial matter, Deyo contends that the trial court erred by granting the summary judgment because the appellees failed to attach the "First Amended Order to Appear" as summary judgment evidence.  Deyo does not present a clear and concise argument for why the appellees were required to attach the court's order as summary judgment evidence, nor does Deyo support the argument with citation to relevant authorities.  *See* Tex. R. App. P. 38.1(i); *see also In re R.H.W. III*, 542 S.W.2d 724, 742 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (waiver occurs when the appellant fails to include proper citations to authority or to the record or to provide any substantive legal analysis).  Moreover, the order is contained in the Clerk's Record and is part of the trial court's file.  *See In re K.F.*, 402 S.W.3d 497, 504–05 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (court of appeals may presume that the trial court took judicial notice of its own record without any request being made and without any announcement that it has done so).

## IV.   Malicious Prosecution

Deyo alleged in his petition that the habeas court issued a writ because the enforcement action was "without authority of law" and was "void."   He contends on appeal that the "contempt order resulting in his confinement was found to be void."

"However, if a contempt order is void, then malicious prosecution is not a remedy." *Gerdes v. Fogler*, No. 14-07-01020-CV, 2009 WL 1311857, at *7 (Tex. App.—Houston [14th Dist.] May 7, 2009, pet. denied) (citing *Dallas Joint Stock Land Bank of Dallas v. Britton*, 134 Tex. 529, 537 (1940)) (noting the distinction between malicious prosecution, which involves the arrest or prosecution of the

4

plaintiff "under lawful process," and false imprisonment, which stems from imprisonment "without lawful authority").

Accordingly, the trial court did not err by granting summary judgment on Deyo's claim for malicious prosecution. *See Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 483 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("Summary judgment is proper where the plaintiff's allegations cannot constitute a cause of action as a matter of law.").

## V.     False Imprisonment

To establish a claim for false imprisonment, a claimant must show (1) willful detention, (2) without consent, and (3) without authority of law. *Gerdes*, 2009 WL 1311857, at \*4 (citing *Bossin v. Towber*, 894 S.W.2d 25, 29 (Tex. App.—Houston [14th Dist.] 1994, writ denied)). Even if an attorney-defendant has directed or requested the detention of a person, the defendant may not be held liable for errors made by a magistrate in ordering the detention. *Id.*; *Bossin*, 894 S.W.2d at 32. "Only if the attorney is the active and procuring cause of the detention, and misrepresents the facts or law, should he or she be held liable." *Gerdes*, 2009 WL 1311857, at \*4 (quoting *Bossin*, 894 S.W.2d at 32).

We have reviewed the transcript of the contempt hearing that appellees attached as evidence to their motion for summary judgment.[3] The transcript shows that the mother's attorney represented to the court that Deyo was personally served with the original, but not the amended, motion for enforcement. The attorney told the court that the amended motion was "served by e-mail." Thus, the attorney did not misrepresent any facts to the court. Further, the transcript shows that the court was fully aware that "Chapter 157 requires the Respondent to be personally

---

[3] Excerpts appear in an appendix to this memorandum opinion.

served."  The attorney never suggested to the court otherwise.  When the court asked whether "that can be waived," the attorney did not make any representations regarding the law.

At the conclusion of the hearing, the court rendered its judgment orally, ordering that Deyo's "confinement will begin today."  The court instructed the attorney "to draft an order and submit it . . . within three days."  On the following day, the trial court signed the contempt order.

The summary judgment evidence shows that there is no genuine issue of material fact about whether the attorney misrepresented any fact or law to the court.  The trial court had already rendered its judgment and ordered Deyo's confinement before instructing the attorney to memorialize the judgment for the court's signature.  Thus, the trial court did not err by granting a summary judgment on Deyo's claim for false imprisonment.  *See id.* at 4–5 (summary judgment proper on claim for false imprisonment when the transcript of a contempt hearing showed that the attorney-defendant did not misrepresent facts or law to the court).

## VI.  Civil Conspiracy

Civil conspiracy is a theory of vicarious liability, not an independent tort. *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019).  To prevail on a civil conspiracy claim, the plaintiff must show that the defendant was liable for some underlying tort.  *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 864 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  A defendant cannot be held liable for civil conspiracy if the trial court properly grants summary judgment on the underlying tort.  *Id.*  Any error by the trial court in granting a summary judgment on this claim would be harmless because, as we concluded above, the trial court properly granted summary judgment on the underlying torts of malicious prosecution and false imprisonment.  *See Valentine v. Fed. Ins. Co.*, No. 14-18-

6

00438-CV, 2020 WL 1467352, at \*9 (Tex. App.—Houston [14th Dist.] Mar. 26, 2020, pet. filed) (mem. op.); *Zarzana v. Ashley*, 218 S.W.3d 152, 162 (Tex. App.—Houston [14th Dist.] 2007, pet. struck).

## VII.  Contempt of Court

Finally, Deyo asks this court to hold the appellees in contempt of court for filing summary judgment affidavits in bad faith under Rule 166a(h) of the Texas Rules of Civil Procedure.  Even assuming without deciding that the trial court ruled on Deyo's request, *see* Tex. R. App. P. 33.1(a)(2), a complaint about a trial court's failure to hold the appellees in contempt is not reviewable on appeal.  *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam) ("The court of appeals has erred in assuming jurisdiction over the present matter because an order finding a party not in contempt is not a final, appealable judgment."); *see also Khan v. Valliani*, 439 S.W.3d 528, 536 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("Generally, decisions in contempt proceedings may not be reviewed by an appellate court, even where a party seeks to appeal the contempt order along with an appealable judgment.").

## VIII.  Conclusion

Each of Deyo's issues is overruled.  The trial court's judgment is affirmed.


/s/     Ken Wise
            Justice


Panel consists of Justices Wise, Jewell, and Poissant.

THE COURT: -- when was the original petition for enforcement filed? Or when was he served with it? Let me put it that way.

MRS. AGUILAR: I believe he was served May 3rd, Your Honor.

MR. WILSON: Your Honor, my client alleges he was never served with it.

THE COURT: Well, then what are we doing here? Was he personally served with the motion for the First Amended Motion for Enforcement?

MR. DEYO: No, Your Honor, I was not. Actually, Your Honor, but there's two first amended motions, Your Honor. The second one, I was not. I just became aware of it when -- when I -- I first became aware of this issue, Your Honor, when I started litigating or speaking with Jeffrey Wilson and realized that the document he had was not --

THE COURT: Mrs. Aguilar, was he served with any of these motions for enforcement?

MRS. AGUILAR: Yes, Your Honor. And I can -- I can look through my file. But if it would save some of the Court's time, Mr. Wilson received a copy of it by e-mail before his first court appearance.

MR. WILSON: That is true. I received a copy of it.

THE COURT: Okay. Mr. Wilson received a copy of it. But do you understand that Chapter 157 requires the Respondent to be personally served?

MRS. AGUILAR: He was personally served on May 3rd, Your Honor.

THE COURT: That's the question that I asked. That's the one I'm looking for an answer to. You said what date?

MRS. AGUILAR: May 3rd, Your Honor.

THE COURT: I show an affidavit of service showing that Mr. Deyo was served May the 3rd, 2017, by Barry Dunn --

MR. WILSON: Your Honor?

THE COURT: -- with the first - - First Amended Order to Appear.

MRS. AGUILAR: And then, Your Honor, the enforcement was served April 10th, 2017.

---

[4] "Mrs. Aguilar" was the mother's attorney. "Mr. Wilson" was Deyo's attorney.

THE COURT: The first amended or the - -

MRS. AGUILAR: I think it was the initial motion and then the first amendment was served by e-mail.

THE COURT: On Mr. Wilson.

MR. WILSON: Yes. So, Your Honor, my client is just simply stating that he was never served with the first amended. But he acknowledges that he --

MR. DEYO: The second --

MR. WILSON: The second first amended, but not - - I guess he was served with the original, but not (inaudible) yeah, not the motion set for today.

THE COURT: Okay. You don't think that would be something you might want to bring up at the outset of a hearing, so that we don't spend a couple hours trying something that he claimed that he didn't get notice of? Can that be waived?

MR. WILSON: Your Honor, I think it was probably due to just a little bit of confusion. You know, the last time we were in court was a pretty hectic day (inaudible).

MS. AGUILAR: And if we're going forward, Your Honor, I can find the e-mail correspondence. We may have to recess. I didn't realize that this was something I was going to need to dig out of my file.

* * * *

THE COURT: All right. Based on the testimony, the evidence before the Court, I'm going to make the following Associate Judge's Report, which will be in the form of an order.

* * * *

[THE COURT]: Therefore, I'm going to grant the Motion for enforcement. I'll find the Respondent guilty of contempt for Violations 1 through 17. The Respondent is committed to the Brazoria County jail for a period of 180 days for each violation with each period to run -- period of confinement to run concurrently.

* * * *

[THE COURT]: The period of confinement will begin today. Mr. -- or, Deputy Whitaker, would you ensure that the Respondent is taken into custody? Mrs. Aguilar, you'll need to draft an order and submit it. It's got to be done within three days. I'd suggest that you submit the order today for Judge Hufstetler's signature.

MRS. AGUILAR: Yes, Your Honor.

THE COURT: We're adjourned.

9